# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40886
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 16, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAMUEL HERNANDEZ-RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-1462-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Samuel Hernandez-Rodriguez pleaded guilty to illegal reentry, and the district court sentenced him to a within-guidelines sentence of 46-months in prison. Hernandez-Rodriguez argues that the district court committed reversible procedural error when it failed to recognize that it had the authority to grant his motion for a downward variance, which was based on then pending amendments to the Sentencing Guidelines.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40886

Because Hernandez-Rodriguez did not object on the basis that the district court misapprehended its authority to impose a variance based on upcoming amendments to the Sentencing Guidelines, our review is for plain error. *See United States v. Kippers*, 685 F.3d 491, 497 (5th Cir. 2012). To prevail on plain error review, a defendant must identify (1) a forfeited error (2) that is clear and obvious, and (3) that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the defendant satisfies these first three requirements, we may, in our discretion, remedy the error it the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Hernandez-Rodriguez argues that his position is supported by the district court's statement that district courts should apply the version of the guidelines in place at the time of sentencing unless doing so creates an ex post facto issue. The district court stated as much after hearing Hernandez-Rodriguez's arguments for a variance and then deciding that it was "willing to adhere to the provisions" of the 2015 Sentencing Guidelines. Moreover, the district court correctly stated the law, as it was required to calculate Hernandez-Rodriguez's guidelines range under the 2015 Sentencing Guidelines before deciding to whether or not to impose a variance. *See Gall, v. United States*, 552 U.S. 38, 49 (2007); *United States v. Rodarte-Vasquez*, 488 F.3d 316, 322 (5th Cir. 2007).

"Because the error, if there was error, is based on an ambiguous statement, there can be no relief under the plain error standard." *United States v. Ibarra-Zelaya*, 465 F.3d 596, 607 (5th Cir. 2006). Accordingly, the judgment of the district court is AFFIRMED.